UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AARON DOYLE,

                    Plaintiff,

          v.

WILLIAM GONZALES; DAN W.
DOPPS; SCOTT D. JONES; and
the CITY OF QUINCY,
WASHINGTON,

                    Defendants.

NO. CV-10-0030-EFS

**ORDER GRANTING AND DENYING IN
PART DEFENDANT CITY OF
QUINCY'S MOTION FOR PROTECTIVE
ORDER**

A hearing occurred in the above-captioned matter on February 7, 2011, in Richland.  Plaintiff Aaron Doyle was represented by Garth Dano and William Gilbert.   Jerry Moberg appeared on behalf of Defendants William Gonzales, Dan Dopps, Scott Jones, and the City of Quincy ("City").  Before the Court was the City's Motion for Entry of Protective Order in Response to Plaintiff's First Requests for Production (ECF No. 75),[1] which asks for a protective order under Federal Rule of Civil Procedure 26(c) because Plaintiff's requests for production (RFPs)

---

[1] Counsel may have benefitted from additional discussions before filing this motion; nonetheless, the Court believes Court intervention was necessary and thus considered the motion.  LR 37.1.

ORDER ~ 1

relating to electronically-stored information (ESI) are 1) overly broad, 2) duplicate Plaintiff's public-records requests, and 3) create an undue burden of expense and production of confidential, privileged, or otherwise protected information.  The City asks the Court to require ESI production to be done in phases: as identified in its proposed order (ECF No. 75-1). Plaintiff agrees that phased-ESI discovery is appropriate, yet wants to ensure that it receives all relevant ESI.  After reviewing the submitted material and relevant authority and hearing from counsel, the Court was fully informed.  This Order supplements and memorializes the Court's oral ruling granting and denying in part the City's motion.[2]

**A.   Background**

On September 3, 2010, Plaintiff served Defendants with eighty-one RFPs, which seeks email, word processing documents, and other information created on and stored in City computers and servers.  On October 21, 2010, Plaintiff corrected a scrivener's error to accurately reflect that there are eighty-two RFPs.[3]  (ECF No. 80-1.)

Defendants did not timely respond.  The City did hire Larry Johnson, the owner of Electronic Data Evidence (ECF No. 77), to make digital copies of the City Police Department drives (main computer, laptop, and server).  There is approximately one trillion bytes of ESI.

---

[2]  At the hearing, the Court and counsel also discussed possibly resetting the August 2011 trial to January 5, 2012.  Counsel are to file a motion if they desire a trial continuance.

[3]  The Court notes that the City ought to have timely answered RFPs 1-5 (policies and procedures) and 11-13 (experts).

ORDER ~ 2

On December 16, 2010, counsel met to discuss discovery issues for about two hours.  Although they did not discuss every single RFP, they did discuss whether Plaintiff's RFPs are overly broad.  The parties were unable to agree on a procedure for producing ESI.  The City filed this motion on January 10, 2011.  (ECF No. 75.)  On January 13, 2011, counsel met again to discuss discovery issues.

**B.    Standard**

A district court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Moreover, pretrial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  A party may object to a request for production; however, the grounds for objection must be stated with specificity.  Fed. R. Civ. P. 34(b)(2).  Absent a valid objection, the production of evidence can be compelled regarding any matter "relevant to the subject matter involved in the action" or "reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 26(b)(1).  This broad discovery right is based on the general principle that litigants have a right to "every man's evidence," and that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

Yet, a responding party may seek a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  In pertinent part, a protective order may protect a party from disclosing ESI if it is not "reasonably accessible because of undue burden or cost." *Id.* at 26(b)(2)(B).

ORDER ~ 3

**C.  Analysis**

Plaintiff's ESI requests, if not appropriately limited, are unduly burdensome for a small town such as Quincy with limited financial and technological resources.  *See, e.g.*, RFP 6 (asking the City "[p]roduce a full and complete copy (snapshot) of the hard drive from the computer(s) issued to and being used by each of the below referenced City employees from August 1, 2007 [sic] to the present date" for the ten listed individuals).  The City's limitations, however, do not protect it from its duty to disclose relevant ESI.  Yet, the limitations are factors to consider in determining how to best structure ESI discovery.  Fed. R. Civ. P. 26, advisory comm. notes (2006).

To limit the City's financial burden, the Court determines that ESI discovery should be phased.  The City proposes a phased ESI-discovery process that included ten list terms and then allowed Plaintiff, upon a showing of good cause, to provide additional search terms until both Plaintiff and the City were satisfied with the disclosures.  The City's proposal is too restrictive and improperly places the burden of showing good cause on Plaintiff, when it is the City that must certify that its ESI production is complete and accurate.  *Id.* at 26(g).

Instead, the City is to establish search parameters using the following terms: 1) Aaron, 2) Doyle, 3) terminate, 4) lawsuit, 5) suit, 6) complaint, 7) quit, 8) retaliate, 9) retaliation, 10) fraud, 11) waste, 12) abuse, 13) FMLA, 14) transfer, 15) harass, 16) discriminate, 17) discrimination, 18) Gonzalez, 19) Meinzer, 20) policy, 21) Ackerman, 22) Fretheim, 23) grievance, 24) K-9, 25) MaryKay, 26) late, 27) Garcia, 28) Darren, 29) Smith, 30) safety, and 31) concerns.  Plaintiff's

1   counsel may then review the search parameters and provide suggestions.
2   Once the search is run, defense counsel is to advise Plaintiff's counsel
3   whether the search returned a) a reasonably reviewable list of documents
4   and emails and, if so, defense counsel shall begin reviewing the ESI for
5   protected or privileged information, or b) an unreasonable amount of
6   documents and emails and request that Plaintiff's counsel assist in
7   restructuring the search parameters to reduce the number of "hits."

8        The Court denies as moot the City's motion for protective order as
9   it relates to the backup tapes.  Plaintiff advised that the City need not
10  provide information on the backup tapes until the phased-ESI discovery
11  shows that a document or email may only be found on the backup tapes.

12  **D.   Conclusion**

13       For the reasons given above and at the hearing, **IT IS HEREBY**
14  **ORDERED**:

15       1.   The City's Motion for Entry of Protective Order in Response to
16  Plaintiff's First Requests for Production **(ECF No. 75)** is **GRANTED** (ESI-
17  discovery to be accomplished in phases), **DENIED** (proposed search
18  parameters are too restrictive), **AND DENIED AS MOOT** (backup tapes) **IN**
19  **PART.**

20       2.   Defense counsel shall formulate search parameters for the City
21  servers and employees (Dan Dopps, Scott Jones, Lisa Rowland, Sal Mancini,
22  Tim Snead, Jim Hemberry, Richard Ackermann, Gene Fretheim, Aaron Doyle,
23  and Tom Clark) laptop and mainframe drives utilizing the following key
24  words: 1) Aaron, 2) Doyle, 3) terminate, 4) lawsuit, 5) suit, 6)
25  complain, 7) quit, 8) retaliate, 9) retaliation, 10) fraud, 11) waste,
26  12) abuse, 13) FMLA, 14) transfer, 15) harass, 16) discriminate, 17)

discrimination, 18) Gonzalez, 19) Meinzer, 20) policy, 21) Ackerman, 22) Fretheim, 23) grievance, 24) K-9, 25) MaryKay, 26) late, 27) Garcia, 28) Darren, 29) Smith, 30) safety, and 31) concerns.

3.   No later than **5:00 p.m. on Wednesday, February 9, 2011,** defense counsel shall disclose to Plaintiff's counsel the proposed search parameters for the first phase of ESI discovery.

4.   No later than **5:00 p.m. on Friday, February 11, 2011,** Plaintiff's counsel shall provide defense counsel with suggested modifications to the search parameters.

5.   Once Plaintiff's counsel has provided the suggested modifications, Defendants' expert shall promptly run the search. The Court understands that the turn-around time will depend upon the number of retrieved documents and emails.

6.   Once a reasonable search is conducted, the City's counsel may review the results for privileged, confidential, or otherwise protected information.

7.   The City shall provide Plaintiff with the search results in accordance with the "Form of Production" directions below.

8.   The City shall also provide, if necessary, a privilege log.

9.   Additional phases of ESI discovery shall proceed on this same basis, until the City certifies that its ESI production is complete and accurate. Fed. R. Civ. P. 26(g).

10.  Form of Production:

a.   <u>Format</u>. All data, files, and communications that are ordinarily stored on electronic media including, but not limited to, electronic mail (and attachments), word processing documents, and spread

sheets shall be produced in native format, but may be produced in .pdf format if agreed upon by parties.

　　　　b.　<u>Production Numbers and Designations</u>. Electronic documents shall be marked with appropriate production numbers and confidentiality designations upon the medium in which the documents are produced.

　　　　c.　<u>Production Media</u>.  Unless otherwise agreed, ESI shall be produced on a portable hard drive, compact disc(s), or digital versatile media (DVD).

　　　　d.　<u>Non-duplication</u>.  Pursuant to Rule 34(b)(2)(E)(iii), the search, review, and production of ESI as outlined above do not require redundant production of documents that were already made available to Plaintiff.

　　　　e.　<u>Claw-Back</u>.  ESI production is subject to the parties' inadvertent-disclosure-return rights under Rule 26(b)(5), Federal Rules of Evidence, the practices of this Court, and the ethics rules governing inadvertent disclosure of privileged material.

　　**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and to provide copies to counsel.

　　**DATED** this ___10th___ day of February 2011.


　　　　　　　　　　___s/Edward F. Shea_____
　　　　　　　　　　　　EDWARD F. SHEA
　　　　　　　　　　United States District Judge

Q:\Civil\2010\0030.feb.compel.wpd

ORDER ~ 7