UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON DOYLE,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM GONZALES; DAN W. DOPPS; SCOTT D. JONES; and the CITY OF QUINCY, WASHINGTON,<br><br>    Defendants. | NO. CV-10-0030-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTION ORDER ENJOINING THE CITY OF QUINCY FROM RELEASING DOCUMENTS TO THE PRESS, and DENYING AND DENYING AS MOOT THE REMAINING PORTION OF DEFENDANTS' DISCOVERY MOTION** |

Before the Court, without oral argument, are Plaintiff Aaron Doyle's Motion for Protection Order Enjoining the City of Quincy from Releasing Documents to the Press[1] (ECF No. 160) and the outstanding portion of Defendants William Gonzales, Dan W. Dopps, Scott D. Jones, and the City of Quincy's ("City") Motion to Compel Production of Documents, Responses to Interrogatories, Responses to Requests for Admissions and for Terms (ECF No. 92). After reviewing the submitted material and relevant authority, the Court is fully informed. As explained below, the Court

---

[1] This motion was noted for hearing with oral argument. However, the Court finds oral argument is unwarranted. LR 7.1(h)(3)(b)(iv).

ORDER ~ 1

denies Plaintiff's motion and denies and denies as moot the outstanding portion of Defendants' discovery motion.

**A.  Defendants' Discovery Motion**

On April 14, 2011, the Court granted, denied, and held in abeyance in part Defendants' discovery motion. (ECF No. 190.) The Court asked the parties to submit additional briefing on the two held-in-abeyance issues. Because defense counsel has a copy of the Sierra County-proceeding settlement agreement, the Court **denies as moot** Defendants' discovery motion as it relates to Request for Production (RP) No. 7.

Still at issue is Defendants' RP No. 10, which asks Plaintiff to "produce the medical records for every provider [who treated Mr. Doyle for any condition relating to your mental health or psychological well-being]." Plaintiff contends that he need not answer RP No. 10 because he is only asserting a "garden variety" emotional-distress[2] claim and therefore the psychotherapist privilege has not been waived. *See Jaffee v. Redmond*, 518 U.S. 1, 15-16 (1996) (recognizing a psychotherapist privilege applies to confidential communications made by the patient to a licensed psychiatrist, psychologist, and social worker in the course of counseling); *Ruhlmann*, 194 F.R.D at 448-89 (discussing different legal

---

[2] "'Garden-variety' means ordinary or commonplace. Garden-variety emotional distress, therefore, is ordinary or commonplace emotional distress." *Ruhlmann v. Ulster Cnty. Dep't of Soc. Servs.*, 194 F.R.D 445, 448 n.6 (2000). Emotional distress is not "garden variety" if it results in a specific psychiatric disorder or disables one from working. *Id.*

ORDER ~ 2

approaches to determining whether the psychotherapist privilege has been waived when emotional-distress damages are requested).

Defendants agree that Plaintiff need not answer RP No. 10 if he does not claim long-term emotional distress, will not call any medical providers or rely on medical records to support his emotional-distress claim, and does not claim a specific psychiatric disorder or significant disruption of his life activity. Plaintiff has not claimed intentional or negligent infliction of emotional distress. And it is clear from his submission (ECF No. 193) that he 1) will not call any medical providers or rely on medical records to support his emotional-distress claim, and 2) will not claim a psychiatric disorder. It is not clear whether he will claim long-term emotional distress or a significant disruption of his life activity. Nonetheless, in light of the asserted claims and Plaintiff's self-imposed limitation that he will not rely on medical records or medical testimony, the Court determines the psychotherapist privilege has not been waived and Plaintiff need not produce the requested medical records. *See Santelli v. Electro-Motive*, 188 F.R.D. 306 (N.D. Ill. 1999) (finding disclosure of medical records unnecessary in light of plaintiff's self-imposed limitation to seek compensation only for humiliation, embarrassment, and other similar emotions).

**B.  Plaintiff's Motion**

On March 21, 2011, Plaintiff filed a motion asking the Court to prohibit the City from releasing the internal-affairs investigative findings and the City's Chief of Police's conclusions. Because the City understood that it had an obligation to produce the requested documents under the Washington State Public Records Act (PRA), the City produced

ORDER ~ 3

the documents on April 7, 2011.  Also the City understood that Plaintiff had not initiated an action in Grant County Superior Court to enjoin the public-records disclosure.  RCW 42.56.540.

The Court recognizes that it does not have the authority under the PRA to enjoin a public-records disclosure.  *Id.* (giving authority to examine a public-record request to the "superior court for the county in which the movant resides or in which the record is maintained"). Accordingly, Plaintiff's motion is denied.  However, the Court does have authority to ensure that Plaintiff receives a fair trial.  If Plaintiff is concerned with the pretrial publicity of this lawsuit, the internal-affairs investigation, and his alleged work performance, Plaintiff is free to request that the prospective jurors answer a written jury questionnaire before jury selection.  Further, Plaintiff is free to argue at trial that reinstatement is not a viable remedy given the pretrial publicity.

**C.  Conclusion**

For the reasons given above and at the hearing, **IT IS HEREBY ORDERED**:

1.  The outstanding portion of Defendants' Motion to Compel Production of Documents, Responses to Interrogatories, Responses to Requests for Admissions and for Terms **(ECF No. 92)** is **DENIED AS MOOT** (RP No. 7) **and DENIED** (RP No. 10).

///

///

//

/

ORDER ~ 4

2. Plaintiff's Motion for Protection Order Enjoining the City of Quincy from Releasing Documents to the Press **(ECF No. 160)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this ___27th___ day of April 2011.

                        S/ Edward F. Shea
                          EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2010\0030.april.compel.enjoin.wpd

ORDER ~ 5