UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON DOYLE, | NO. CV-10-0030-EFS |
| Plaintiff, | |
| v. | **ORDER ENTERING RULINGS FROM JUNE 28, 2011 HEARING** |
| WILLIAM GONZALES; DAN W. DOPPS; SCOTT D. JONES; and the CITY OF QUINCY, WASHINGTON, | |
| Defendants. | |

A hearing occurred in the above-captioned matter on June 28, 2011, in Richland.  Plaintiff Aaron Doyle was represented by Garth Dano. Defendants William Gonzales, Dan Dopps, Scott Jones, and the City of Quincy ("City") (collectively referred to as "Defendants") were represented by Patrick Moberg and Jerry Moberg.  The City's Police Department (QPD) Chief Richard Ackerman was also present.  Before the Court were several motions.  After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. This Order supplements the Court's oral rulings.

//

/

ORDER ~ 1

**A.    Defendants' Motion for Leave to File First Amended Answer**

Defendants seek permission to file an amended answer to add an after-acquired-evidence affirmative defense asserting that Plaintiff 1) failed to disclose that he was terminated from the California Sierra County Sheriff's Office for misconduct and 2) misrepresented the number of years of prior similar work experience.  Through this after-acquired-evidence affirmative defense, Defendants will argue that reinstatement and/or front pay is not appropriate relief.[1]  Plaintiff opposes the motion, contending amendment is untimely and futile.

1.  <u>Standard</u>

"A party may amend its pleading . . . [after a responsive pleading is served] only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Leave by the court should be "freely

---

[1]  *See McKennon v. Nashville Banner Publish'g Co.*, 513 U.S. 352, 362 (1995) ("Once an employer learns about employee wrongdoing that would lead to legitimate discharge, we cannot require the employer to ignore the information, even it it is acquired during the course of discovery in a suit against the employer and even if it might have gone undiscovered absent the suit."); *see also O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761 (9th Cir. 1996) ("An employer can avoid backpay and other remedies by coming forward with after-acquired evidence of an employee's misconduct, but only if it can prove by a preponderance of the evidence that it would have fired the employee for that misconduct.").

ORDER ~ 2

give[n] . . . when justice so requires." *Id*.  Furthermore, in order to allow a decision on the merits, Rule 15 should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

When determining whether to grant leave to amend, a court is to consider:

> any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Not all of the factors merit equal weight.  *Eminence Capital*, 316 F.3d at 1052.  For example, prejudice to the opposing party is given the most consideration, while delay alone is an insufficient reason to deny the motion to amend.  *Id.*; *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital*, 316 F.3d at 1052.

2.  <u>Analysis and Conclusion</u>

Although Defendants' after-acquired-evidence affirmative defense may be unsuccessful if Defendants knew of the relevant facts when Plaintiff was hired and/or Defendants would have nevertheless hired Plaintiff, the Court determines it is not clear at this time that the affirmative defense will be futile.  Further, although Defendants' motion could have been filed weeks earlier, the Court concludes Plaintiff will not suffer prejudice as a result because discovery on the facts relevant to this

affirmative defense have already been occurring and the discovery period will not end until August 8, 2011.   Accordingly, the Court grants Defendants' motion for leave to amend.   Defendants shall file their amended answer no later than July 11, 2011.   In the amended answer, Defendants shall identify what portions of the complaint their affirmative defenses pertain to in order to provide Plaintiff with sufficient notice.   *See* Fed. R. Civ. P. 8(c).

**B.   Plaintiff's Motion for Protective Order and for Terms Re: Party and Attorney Misconduct**

Plaintiff asks the Court to enter a protective order enjoining Defendants and their legal counsel from 1) intimidating witnesses, 2) secreting and destroying evidence, 3) engaging in ex parte contact, and 4) other vexatious misconduct.   Based on the prejudice resulting from Defendants' and their counsels' conduct, Plaintiff asks the Court to enter default judgment in his favor.   In the alternative, Plaintiff asks the Court to disqualify Jerry Moberg as counsel, dismiss Defendants' affirmative defenses, utilize an adverse-inference jury instruction relating to Defendants' spoliation of evidence, impose a substantial monetary sanction, reimburse Plaintiff's fees and costs incurred as a result of the misconduct, and enjoin Defendants and their counsel from engaging in inappropriate and vexatious misconduct, including ordering the City to advise its employees that they may speak to Plaintiff or Plaintiff's counsel without fear of retaliation.   Defendants contend that Plaintiff's motion is unsupported by the record because there is no evidence of intimidation or destruction of relevant evidence.

In connection with this motion, the parties filed a number of motions to strike and a judicial-notice request. The Court addresses these motions before addressing the merits of Plaintiff's protective-order motion.

    1.    Plaintiff's Request for Judicial Notice

Plaintiff asks the Court to take judicial notice under Federal Rule of Evidence 201 of a June 23, 2011, Sierra County Superior Court order. Defendants did not object. The Court grants Plaintiff's request and takes judicial notice of the order.

    2.    Motions to Strike

Both parties filed a number of declarations to support their respective positions relating to Plaintiff's protective-order motion. And both parties filed motions asking the Court to strike portions of the opposing-party's declarations.

First, the Court finds there is no good cause for Mr. Dano's untimely supplemental declaration, ECF No. 316. Accordingly, the Court grants Defendants' Motion to Strike Garth Dano's Supplemental Declaration, ECF No. 317, and denies Plaintiff's Motion for Leave to File Supplemental Declaration, ECF No. 330.

Second, the Court's rulings on the other motions to strike are set forth below. In addition, the Court requires Plaintiff's counsel to pay $2,000 to defense counsel. Plaintiff's counsels' failure to ensure that the declarations they submitted complied with the Federal Rules of Evidence necessitated considerable work by defense counsel and expense to Defendants. The Court had advised all counsel at an earlier hearing

that future disputes would result in fee awards to the party substantially prevailing.

    a. *Defendants' motion to strike portions of Mr. Dano's Declaration, ECF No. 211*

| Para. | COURT RULING |
|:---:|:---:|
| 4 | GRANT (double hearsay) |
| 5 | GRANT (double hearsay) and DENY (will consider that Mr. Dano did not give authorization and was not present) IN PART |
| 6 | GRANT (double hearsay) |
| 7 | GRANT (double hearsay) |
| 8 | GRANT (double hearsay) |
| 11 | GRANT (". . . .all ex parte. Ultimately, this witch hunt gave the City what it was looking for, legitimate or not, a quantified reason to terminate Mr. Doyle's employment" is legal argument) and DENY (remainder) |

    b. *Defendant's motion to strike portions of William Gilbert's Declaration, ECF No. 210*

| Para. | COURT'S RULING |
|:---:|:---:|
| 2 | GRANT (legal argument) |
| 3 | GRANT (2:3-19 and 2:21 through 5:6 are stricken as hearsay and argument) DENY IN PART (remainder) |
| 4 | DENY |
| 5 | DENY |
| 6. | DENY |
| 9. | GRANT ("could not, and" on 7:20 is legal argument) and DENY (remainder) |
| 10 | GRANT (8:1-10 ending with "grievances") and 8:11 (beginning with "just" and ending with "rid of him") are argumentative) and DENY (remainder) |
| 12 | GRANT (double hearsay) |

| | |
|---|---|
| 13 | GRANT ("which had been gathered or fabricated" is argumentative) and DENY (remainder) |
| 14 | DENY |
| 15 | DENY |
| 16 | GRANT (argumentative) |
| 18 | GRANT (argumentative) |
| 19 | GRANT (the following portions are argumentative: 12:7-12; 13:4-7; 13:19-21; and 13:24 through 14:6) and DENY (remainder) IN PART |
| 20 | DENY |
| 22 | GRANT (the first sentence is argumentative) and DENY (remainder) IN PART |
| 23 | GRANT (first sentence is argumentative and remainder is too far attenuated for Mr. Gilbert (as opposed to Ms. Rowland) to declare about) |
| 24 | GRANT (personal knowledge is lacking for the third and fourth sentences) and DENY (remainder) |
| 25 | GRANT (double hearsay) |
| 26 | GRANT (double hearsay) |
| 27 | GRANT (the paperwork placing Ms. Rowland on administrative leave speaks for itself) |
| 28 | GRANT (the last sentence is vouching; deposition transcript speaks for itself) and DENY (remainder) IN PART |
| 29 | GRANT (lack of personal knowledge) |
| 30 | GRANT ("The above referenced harassment of" and "has continued unabated and escalated, causing her to experience anxiety and creating a situation where she" is legal argument) and DENY (remainder) |
| 31 | GRANT (everything following "in an attempt to . . . ." is argumentative) and DENY (remainder) IN PART |
| 32 | DENY |
| 34 | DENY |
| 35 | GRANT (the first sentence is legal argument) and DENY (remainder) IN PART |
| 36 | GRANT (the "chilling effect" sentence is |

| | |
|---|---|
| | argumentative) and DENY (remainder) IN PART |
| 37 | GRANT (legal argument and lack of personal knowledge) |
| 38 | GRANT (the last sentence is argumentative) and DENY (remainder) IN PART |
| 40 | GRANT (everything after "placing everyone . . . ." is legal argument) and DENY (remainder) IN PART |
| 41 | GRANT (the second and last sentences are argumentative) and DENY (remainder) IN PART |
| 42 | GRANT (the second and last sentences are argumentative) and DENY (remainder) IN PART |
| 44 | GRANT (everything after "putting the City on . . . ." is argumentative) and DENY (remainder) IN PART |
| 45 | DENY |
| 46 | DENY |
| 48 | DENY |
| 50 | GRANT ("likely provided by Mr. Galbraith or Mr. Moberg" is legal argument) and DENY (remainder) IN PART |
| 51 | DENY |
| 52 | DENY (first sentence) and GRANT (remainder: deposition transcript speaks for itself) IN PART |
| 53 | GRANT (deposition transcript speaks for itself and last clause is a legal argument) |
| 54 | GRANT (everything after "borne out of the . . . ." is legal argument: the deposition transcript speaks for itself) and DENY (remainder) IN PART |
| 55 | GRANT (the last sentence is legal argument) and DENY (remainder) IN PART |
| 56 | DENY |
| 57 | GRANT ("negligent and intentional" is legal argument) and DENY (remainder) IN PART |
| 58 | GRANT (legal argument) |

//

/

Page 8

c.    *Plaintiff's motion to strike portions of Jerry Moberg's*
      *Declaration, ECF No. 248*

| Para. | COURT RULING |
|-------|--------------|
| 2 | GRANT (legal argument) |
| 3 | GRANT (unnecessary) |
| 6 | DENY |
| 7 | DENY |
| 17 | DENY |
| 18 | DENY |
| 19 | DENY |
| 20 | DENY |
| 23 | DENY |

d.    *Plaintiff's motion to strike portions of Captain Gene*
      *Fretheim's Declaration, ECF No. 246*

| Para. | COURT RULING |
|-------|--------------|
| 3 | DENY |
| 3.1 | DENY |
| 3.2 | DENY |
| 4 | DENY |
| 5 | DENY |
| 6.1 | DENY |
| 6.2 | DENY |
| 6.3 | DENY |
| 6.5 | DENY |
| 6.6 | GRANT (last sentence is argumentative) |
| 7 | DENY |
| 8 | DENY |

| 9 | DENY |
|---|------|
| 10 | DENY |

e.    *Plaintiff's motion to strike Allan Galbraith's*

*Declaration, ECF No. 251*

| Para. | COURT RULING |
|-------|--------------|
| 2 | GRANT (second sentence is argumentative) and DENY (remainder) IN PART |
| 3.2.1 | DENY |
| 3.2.2 | DENY |
| 3.5 | DENY |
| 3.5.2 | DENY |
| 4.3.2 | DENY |
| 5.1 | GRANT (irrelevant) |
| 5.3 | DENY |
| 6 | GRANT ("Mr. Gilbert completely misrepresents" is argumentative, but the Court understands that Mr. Galbraith disagrees with Mr. Gilbert's version) and DENY (remainder) IN PART |
| 7 | DENY (first three sentences) and GRANT (remainder is argumentative and the deposition transcripts speak for themselves) IN PART |
| 8.2.1 | DENY |
| 8.2.3 | DENY |
| 8.2.4 | DENY |
| 8.2.6 | DENY |
| 8.2 | DENY |
| 8.3 | DENY |
| 9 | GRANT (second, third, and last sentences and "on expressly false pretenses" are argumentative) and DENY (remainder) IN PART |

f.   *Plaintiff's motion to strike portions of Paul Snyder's Declaration, ECF No. 248*

| Para. | COURT RULING |
|-------|--------------|
| 5     | DENY         |
| 7     | DENY         |
| 8     | DENY         |
| 9     | DENY         |

g.   *Plaintiff's motion to strike portions of Chief Ackerman's Declaration, ECF No. 248*

| Para. | COURT RULING |
|-------|--------------|
| 3     | DENY         |
| 3.8   | DENY         |
| 3.9   | DENY         |
| 4     | DENY         |
| 5     | DENY         |
| 6     | DENY         |
| 7     | DENY         |

3.   <u>Plaintiff's protective-order motion</u>

Neither party disputes that this Court has the inherent power to manage its own proceedings and to control the conduct of the parties and attorneys before it.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing a court's inherent power to orderly manage its cases and impose sanctions for bad faith, vexatious, or oppressive conduct, or wilful disobedience of a court).  And,

> [w]henever an allegation is made that an attorney has violated
> his moral and ethical responsibility, an important question of
> professional ethics is raised.  It is the duty of the district

Page 11

> court to examine the charge, since it is the court which is authorized to supervise the conduct of the members of its bar. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession.

*Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322, 1324-25 (9th Cir. 1976).  In addition, Local Rule (LR) 83.3 states in pertinent part:

> This Court may impose discipline on any attorney practicing before this Court, whether or not a member of the bar of this Court, who engages in conduct violating applicable Rules of Professional Conduct of the Washington State Bar, or who fails to comply with rules or orders of this Court.  The discipline may consist of disbarment, suspension, reprimand, or any other action that the Court deems appropriate and just.

LR 83.3.  Guided by the Court's authority and responsibility, the Court addresses Plaintiff's assertions of wrongdoing by Defendants and their counsel.

As the Court commented at the hearing, there is concern whether the City, through its employees and/or counsel, intentionally or unintentionally pressured other employees to not speak and cooperate with Plaintiff and his counsel.  The Court determines the best approach is to allow the jury to assess the credibility of each witness in order to assess what occurred.  If Lisa Rowland, a prior QPD clerk, who has been dating Plaintiff and was recently terminated from her employment with the City, is identified as a trial witness by Plaintiff, the Court will consider this issue in the context of any relevant motion in limines (MILs).  It is likely, though subject to objection and possible MILs, that the jury will also be allowed to hear testimony about the shredding of Captain Fretheim's handwritten notes made during the internal affairs (IA) investigative interviews with Plaintiff.  The parties may also present evidence relating to the QPD's email retention policies and the

Page 12

employees' conduct in regards to emails.  If appropriate, an adverse-inference spoliation jury instruction may be given to the jury. *See Residential Funding Corp. v. DeGeorge Fin'l Corp.,*, 306 F.3d 99, 107 (2d Cir. 2002) ("[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.").

As expressed to counsel and Chief Ackerman at the hearing, the Court is concerned about Captain Fretheim's apparent disregard for Plaintiff's Health Insurance Portability and Accountability Act (HIPPA), 29 U.S.C. § 1181 *et seq.*, rights when he interacted with Plaintiff's dentist and staff.  While Defendants maintain that Captain Fretheim's conduct occurred during the internal-investigative-affairs (IA) process and therefore it is not subject to this Court's sanctioning authority, Defendants also appear to want to present and rely on information gathered during the IA process in this lawsuit. Accordingly, Defendants and defense counsel should take the necessary steps to ensure that any information sought to be utilized in this lawsuit is properly obtained, especially since the jury may not easily distinguish between an employee's conduct during the IA process as opposed to this lawsuit.

Following the Sierra County Superior Court's June 23, 2011 order, Mr. Moberg represented to the Court that he mailed the California-court

Page 13

sealed files that he had previously possessed to the Sierra County Superior Court. Any prejudice resulting from Mr. Moberg's previous possession of these files can be appropriately mitigated by *in limine* rulings at trial.

Plaintiff also contends that counsel for the Defendants have been inappropriately involved in the IA process, especially given that Plaintiff was prevented from having his counsel present during many IA interviews. If at trial it is uncovered that counsel for Defendants assisted in developing the IA interview questions and Defendants nevertheless rely on the information obtained from these questions, the Court will issue appropriate rulings.

In summary, the Court grants Plaintiff's motion in part by 1) cautioning Defendants and their counsel, 2) clarifying what evidence will be permitted at trial, and 3) advising of the potential for an adverse-inference spoilation jury instruction. Counsel and the parties are encouraged to be cordial to each other. *See* LR 83.1. Plaintiff's motion for protective order is otherwise denied at this time.

**C.   Motions Related to the Subpoena Duces Tecum Served on Heather Foster**

Both parties filed motions related to the subpoena duces tecum (SDT) that Defendants served on Heather Foster: Defendants' June 7, 2011 Motion to Compel Heather Foster to Comply with Subpoena Duces Tecum, ECF No. 287, and Plaintiff's June 19, 2011 Motion for Protective Order and to Quash Subpoena, ECF No. 305.

//

/

Page 14

1    1.   <u>Background</u>

2         On April 29, 2011, Defendants served a subpoena duces tecum (SDT)

3    on Ms. Foster, the clerk-recorder for Sierra County.  The SDT directed

4    Ms. Foster to produce the administrative file related to Mr. Doyle by

5    mailing it to defense counsels' law-firm address in Ephrata, Washington.[2]

6    On May 12, 2011, Sierra County Counsel James Curtis submitted a written

7    objection to defense counsel.  ECF No. 307, Ex. 1.  On May 25, 2001, the

8    Sierra County Superior Court ordered the Clerk to "release the lodged

9    administrative record to the Sierra County Clerk of the Board of

10   Supervisors."  ECF No. 289-1 at 7.   The motions before the Court

11   followed.

12   /

13   _____

14       [2]   The SDT requests:

15       1.   Findings and order of the Sierra Personnel Appeals
16            Committee, dated May 25, 2006;
         2.   Order on Motion for Reconsideration by the Couty of
17            Sierra Personnel Appeals Committee dated June 19, 2006;
         3.   Findings and Order by Supervisors for the Sierra County's
18            decision to reduce the penalty from termination to a one-
              year suspension without pay, dated December 19, 2006;
19       4.   Order on Motion for Reconsideration by the Board of
20            Supervisors for the County of Sierra, pertaining to its
              decision not to hear and deny the Application for
21            Reconsideration, dated December 19, 2006;
         5.   The underlying administrative record (or any documents
22            contained therein) as certified by the Sierra County
              Clerk-Recorder on May 18, 2007, or certified and lodged
23            with the court on August 31, 2007; and
         6.   Any other documents in possession of Heather Foster, in
24            her capacity as clerk-recorder of Sierra County, that
              related to the termination and appeals of Aaron Doyle.
25
     ECF No. 289-1.
26
     Page 15

1   2. <u>Analysis and Conclusion</u>

2   Notwithstanding the lack of a filing challenging Defendants'

3 assertion that the SDT was properly issued and served, the Court quashes

4 the SDT.[3]  The Court does not have the authority to issue a SDT requiring

5 a non-party, who is not in this district and who is more than one hundred

6 miles from the location of the requested production (Ephrata,

7 Washington), to produce records in this district.  *See Anderson v. Virgin*

8 *Islands*, 180 F.R.D. 284, 289 (1998) ("A district court cannot issue a

9 subpoena duces tecum to a non-party for the production of documents

10 located in another district."); *Natural Gas Pipeline Co. v. Energy*

11 *Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) ("[A] federal court

12 sitting in one district cannot issue a subpoena *duces tecum* to a non-

13 party for the production of documents located in another district.").

14   In reaching this conclusion, the Court turned to Rule 45's issuance

15 and service requirements.  In regards to issuance, Rule 45(a)(2)(C)

16 states, "[a] subpoena must issue as follows: . . . for production or

17 inspection, if separate from a subpoena commanding a person's attendance,

18 from the court for the district where the production or inspection is to

19 be made."  Fed. R. Civ. P. 45(a)(2)(C).  Defendants submit that

20

21   [3]  Plaintiff appropriately did not respond to Defendants' motion

22 because he did not have standing to assert service deficiencies for a SDT

23 that was not issued to him.  And Ms. Foster and Sierra County

24 understandably did not appear to oppose Defendants' motion because

25 neither was served with a copy of Defendants' motion.

26
Page 16

"production" occurs in the district where the documents are to be delivered and therefore the Eastern District of Washington properly issued the SDT, citing *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004) ("'Production' refers to the delivery of documents, not their retrieval, and therefore 'the district in which the production . . . is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over.") (quoting Fed. R. Civ. P. 45(a)(2)(C)).  The Court accepts that production under the SDT would occur in the Eastern District of Washington and, therefore, the Court finds the SDT was properly *issued* from this Court.

The problem, however, is the SDT, albeit properly issued, was not properly *served* on Ms. Foster in California because service did not occur in this district and it occurred more than one hundred miles from the place specified for production, i.e., Ephrata, Washington.  *See* Fed. R. Civ. P. 45(b)(2)(B).

Defendants rely on *Hay Group, Inc.*, 360 F.3d at 412, and *Commonwealth Capital Corp. v. City of Tempe*, 2011 WL 1237559, 1 (D. Ariz. 2011), to argue that both issuance and service were proper.  However, these two cases do not support Defendants' position.  In *Hay Group, Inc.*, the Third Circuit determined the trial court properly issued a SDT to a non-party, *who was located in the trial court's district*, even though the subpoena required that non-party to produce documents that were located outside of the district.  360 F.3d at 412.  And in *Commonwealth Capital Corp.*, the district court addressed whether a *party's* officer, who is

Page 17

more than one hundred miles from the trial location could be served with a subpoena issued by the trial court. These cases do not support a finding that an Eastern District of Washington-issued SDT may be served on a non-party either outside of this district or more than one hundred miles away from the location of production. Requiring Ms. Foster to appear in the Eastern District of Washington to challenge the SDT would violate the intent of Rule 45(c)(3)(A)(ii).

Accordingly, Defendants should ask the Eastern District of California—the district wherein Ms. Foster is located—to issue the SDT. And because Messrs. Moberg are "authorized to practice in the court where the action is pending," *i.e.*, the Eastern District of Washington, they may prepare a SDT to be issued by the Eastern District of California. Fed. R. Civ. P. 45(a)(3)(B). Defendants should then establish a place/location within the Eastern District of California where Ms. Foster can produce the documents, such as a P.O. box or another law firm. Taking these steps will allow Defendants to comply with Rule 45's issuance and service requirements: 1) the subpoena will have been served "within the district of the issuing court,"[4] *i.e.*, the Eastern District of California, and 2) the subpoena will have issued "from the court for the district where production or inspection is to be made,"[5] *i.e.*, the Eastern District of California. Plus, this procedure will satisfy Rule 45's intent of allowing the non-party to challenge a subpoena within

---

[4]  Fed. R. Civ. P. 45(b)(2)(A).

[5]  Fed. R. Civ. P. 45(a)(2)(C).

Page 18

relative close proximity to her residence, employment, or site of regular business.

Accordingly, the SDT served on Ms. Foster is quashed.  Defendants' motion to compel is denied, and Plaintiff's motion to quash, which focused on privilege and relevance arguments, is denied as moot.

**D.   Conclusion**

For the reasons given above and at the hearing, **IT IS HEREBY ORDERED:**

1.   Defendants' Motion for Leave to File First Amended Answer, **ECF No. 199**, is **GRANTED**.  No later than **July 11, 2011**, Defendants shall file their amended answer, which properly identifies the portions of the Complaint to which an affirmative defense applies.

2.   Plaintiff's Motion for Protective Order and for Terms Re Party and Attorney Misconduct, **ECF No. 207**, is **GRANTED and DENIED IN PART.**

3.   Defendants' Motion to Strike Portions of Declarations of Garth Dano and William Gilbert and for Terms, **ECF No. 217**, is **GRANTED and DENIED IN PART**.  No later than **July 11, 2011**, Plaintiff's counsel shall pay defense counsels' law firm **$2,000.00**.  Upon receipt, Defendants shall file a notice of receipt.

4.   Plaintiff's Motion to Strike Declarations Jerry Moberg's Declaration, **ECF No. 261**, is **GRANTED and DENIED IN PART**.

5.   Plaintiff's Motion to Strike Gene Fretheim's Declaration, **ECF No. 264**, is **GRANTED and DENIED IN PART**.

6.   Plaintiff's Motion to Strike Allan Galbraith's Declaration, **ECF No. 266**, is **GRANTED and DENIED IN PART**.

1    7.    Plaintiff's Motion to Strike Paul Snyder's Declaration, **ECF No.**
2    **271**, is **DENIED.**

3    8.    Plaintiff's Motion to Strike Richard Ackerman's Declaration,
4    **ECF No. 275**, is **DENIED.**

5    9.    Defendants' Motion to Compel Heather Foster, Sierra-County
6    Clerk-Recorder to Comply with Subpoena Duces Tecum, **ECF No. 287**, is
7    **DENIED.**

8    10.   Plaintiff's Motion for Protective Order and to Quash Subpoena,
9    **ECF No. 305**, is **DENIED AS MOOT.**

10   11.   Defendant's Motion to Strike Garth Dano's Supplemental
11   Declaration, **ECF No. 317**, is **GRANTED.**

12   12.   Plaintiff's Request for Judicial Notice, **ECF No. 326**, is
13   **GRANTED.**

14   13.   Plaintiff's Motion for Leave to File Supplemental Declaration,
15   **ECF No. 330**, is **DENIED.**

16   14.   No later than **July 11, 2011**, Plaintiff shall file a notice
17   updating the Court as to the status of his 1) Motion to Compel Defendant
18   Dan Dopps, William Gonzales, and City of Quincy's Answer to Plaintiff's
19   First Set of Interrogatories, **ECF No. 58**, and 2) Third Motion to Compel,
20   **ECF No. 166**.

21   15.   The parties are cautioned that no further motions for
22   overlength brief will be granted.  When preparing factual and background
23   statements in future memoranda, the parties may consider that the Court
24   is fully aware of the lawsuit's present procedural and factual posture.

25

26

Page 20

16.   The parties are also cautioned that they must ensure that their declarations abide by the Federal Rules of Evidence, e.g., personal knowledge, relevance, and foundation.   If the Court finds that a declaration largely fails to comply with the Federal Rules of Evidence, the Court will strike the entire declaration.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this ___1st___ day of July 2011.


                          _s/Edward F. Shea_
                          EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2010\0030.june2011.hrg.wpd

Page 21