UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON DOYLE,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM GONZALES; DAN W. DOPPS; SCOTT D. JONES; and the CITY OF QUINCY, WASHINGTON,<br><br>        Defendants. | NO. CV-10-0030-EFS<br><br>**ORDER ENTERING AND SUPPLEMENTING RULINGS FROM THE JULY 28, 2011 HEARING** |

A hearing occurred in the above-captioned matter on July 28, 2011, in Richland. Plaintiff Aaron Doyle was represented by Garth Dano and William Gilbert. Defendants William Gonzales, Dan Dopps, Scott Jones, and the City of Quincy ("City") (collectively referred to as "Defendants") were represented by Patrick Moberg[1] and Jerry Moberg. Before the Court were several motions: Plaintiff's renewed Third Motion to Compel Discovery, ECF No. 166; Defendant City's Motion for Entry of Protective Order in Response to Plaintiff's Second Amended Requests for Production, ECF No. 337; Plaintiff's Motion to Continue Scheduling Order, ECF No. 346; Plaintiff's Motion for Leave to Conduct Depositions in Excess of Federal Rule of Civil Procedure 30(a)(2) Limitation of Ten

---

[1] Patrick Moberg appeared telephonically.

ORDER ~ 1

Depositions, ECF No. 349; Plaintiff's Fourth Motion to Compel Defendants' Answers to Plaintiff's Requests for Production, ECF No. 352; Defendants' Motion to Compel Responses to Its Second Requests for Production, ECF No. 360; and the Stipulated Motion to Continue Discovery Cutoff Date and Dispositive Motion Deadline, ECF No. 382. After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. This Order memorializes and supplements the Court's oral rulings.

**A.   Plaintiff's Motions to Compel**

Plaintiff's two motions to compel relate to outstanding requests for production (RFP). Defendants oppose these motions, and the City separately filed a motion for protective order, which asks the Court to restrict production relating to RFP Nos. 83-86, 95-110, 129-132, 158, and 160-162 because they seek sensitive and confidential information and/or are unduly costly to answer. As a result of a Court-ordered meet and confer, ECF No. 391, Defendants produced a number of documents the day before and the day of the hearing. Given the condensed time frame, Plaintiff's counsel lacked the opportunity to fully review these recent disclosures. Although Plaintiff's counsel believed that some of the RFPs had been satisfied by the recent disclosures, many RFPs remain outstanding because the parties disagree whether 1) the City's electronically-stored-information (ESI) disclosures were sufficient, 2) the City's pre-lawsuit public-records-requests disclosures satisfy the RFPs, and 3) Defendants were required to produce documents relating to complaints of misconduct by other Quincy Police Department (QPD) officers and supervisors.

The Court has stated the relevant discovery standards in its prior Orders addressing the parties' discovery disputes. ECF Nos. 137, 190, & 344. Accordingly, the Court succinctly recognizes that it may control discovery to ensure that the parties discover any matter that is "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), while at the same time ensuring that the responding party is protected from "annoyance, embarrassment, oppression, or undue burden or expense," *id.* at 26(c)(1). The Court considered these factors, as well as Federal Rule of Civil Procedure 1's goal, which is to encourage the "just, speedy, and inexpensive determination of every action and proceeding," when addressing the pending discovery motions.

As indicated above, one of the parties' contentions was whether the ESI search conducted by Defendants and their ESI expert Larry Johnson was sufficient. Defendants argue that the second ESI search conducted by Mr. Johnson, which resulted in 3,245 responsive files, is sufficient. This second-search result is clearly less than the 203,800 responsive files resulting from the initial search, which was conducted consistent with the Court-ordered terms, ECF No. 137, thereby saving defense counsel the considerable time and expense associated with reviewing all of the initial search results for privileged information. The Court is unable to conclude, however, whether the second search's parameters are sufficient under the circumstances. Accordingly, the Court grants Plaintiff leave to depose Mr. Johnson to better understand whether the second search is sufficient; RFP Nos. 7, 8, and 10 are held in abeyance.

Next, the Court finds the information requested by RFP Nos. 6 and 9 relevant; however, the cost associated with restoring the erased ESI

ORDER ~ 3

from the computer hard drives, i.e., $350.00 per hard drive, is cost prohibitive for Defendants.  Because Plaintiff agrees to pay the cost to restore the un-erased ESI for the following individuals' computers, the Court grants RFP Nos. 6 and 9 as to the computers used by these individuals: Scott Jones, Lisa Rowland, Sal Mancini, Scott Goodwin, Tom Clark, Tim Snead, Jim Hemberry, Richard Ackerman, Gene Fretheim, Aaron Doyle, Chris Lafferty, Cindy Bepple, and William Gonzales.  Plaintiff's counsel is to promptly provide defense counsel with a check appropriate to cover the expense for the recovery process.  The City is to take the necessary steps to mail Mr. Johnson the hard drives; Mr. Johnson is to then recover the erased ESI and to search it using the agreed search terms.  Counsel are to meet and confer to develop the list of agreed search terms no later than August 3, 2011.  If they are unable to agree, they are to individually file a list of proposed search terms no later than this same date.  The Court will then select search terms; the party's whose proposed search terms were not selected will pay the other side's fees and costs.  Mr. Johnson is to then apply these search terms, and provide Plaintiffs with the discovered ESI no later than August 19, 2011.  Accordingly, Plaintiff's motions are granted in part.

Defendants argue that many of Plaintiff's RFPs duplicate pre-lawsuit public-records requests.  The Court finds public-records requests serve different purposes than formal discovery requests:  a litigant has a right to engage in discovery under the Federal Rules of Civil Procedure. Accordingly, because RFP Nos. 18, 29-31, 60, and 61 seek documents that are reasonably calculated to lead to the discovery of admissible evidence and are not overly burdensome, Defendants must answer these RFPs;

ORDER ~ 4

Plaintiff's motions are granted in part. If Defendants desire to withhold documents on the basis of a privilege, they must produce a privilege log. Fed. R. Civ. P. 26(b)(5)(A).

The Court also requires Defendants to respond to RFP No. 143 with more specificity so that Plaintiff and, if necessary, the Court can understand what documents, if any, have been produced in response to this request. Defendants must also provide Plaintiff with the post-November 7, 2011 documentation (the date that Plaintiff claims he was retaliated against) requested by RFP No. 178.

The Court also grants in part Plaintiff's motions as they relate to RFP Nos. 129, 130, and 160. The Court finds the requested information is relevant to allow Plaintiff to challenge credibility; yet, as drafted, the RFPs are too broad. First, as to RFP Nos. 129 and 130, which relate to Chief Ackerman and Captain Fretheim, Defendants must disclose the pre-employment background investigation reports. If the report contains sensitive, non-relevant information, Defendants can submit the report for an in camera review for guidance. Defendants need not disclose the psychological or polygraph examination results. Second, in response to RFP No. 160, Defendants must disclose similar documentation for Rob Hall, Julie Fuller, and Darren Smith.[2] The disclosed information is likely to

---

[2] On July 29, 2011, Plaintif's counsel faxed a letter to the Court and defense counsel advising that RFP No. 160 is limited to Rob Hall, Julie Fuller, and Darren Smith. As so limited, the Court requires RFP No. 160 to be answered.

ORDER ~ 5

contain sensitive personal information and therefore it is to be treated as confidential information by all counsel.

The Court denies Plaintiff's RFP No. 131; Plaintiff has not established a need that outweighs the confidential nature of Chief Ackerman's mental health evaluation. Plaintiff's motion is also denied as to RFP No. 132 because it duplicates RFP No. 130.

Next, the Court denies as moot a number of the RFPs for a variety of reasons. First, Plaintiff withdraws RFP Nos. 81, 95, 161, and 162; therefore, these requests are moot. Second, Defendants maintain a) they have fully satisfied or b) that no responsive documents exist as to RFP Nos. 14, 17, 63, 64, 66, 79, 80, 87, 93, 137, and 158; accordingly, so long as Defendants sign under oath that these RFPs are satisfied, Plaintiff's motions are denied as moot in part. Lastly, Defendants agree that their recently added after-acquired-evidence affirmative defense will not rely on any evidence or argument that Plaintiff engaged in wrongdoing as a QPD officer: its affirmative defense is solely related to Plaintiff's conduct with the California Sierra County Sheriff's Office and during the hiring process with the QPD. The parties agree they will enter an in limine stipulation consistent with Defendant's agreement. As a result, Plaintiff's RFP Nos. 65, 68, 71, 83-86, 96-110, and 179 are denied as moot.

Lastly, the Court holds in abeyance Plaintiff's RFP Nos. 20, 62, and 75. The Court finds the requested Mora Report, which is authored by City Attorney Allan Galbraith, is reasonably calculated to lead to admissible evidence; however, the Court is concerned that it may contain privileged

information. Accordingly, Defendants are to promptly submit the Mora Report for an in camera review.

In sum, Plaintiff's renewed Third Motion to Compel Discovery, ECF No. 166, is granted (RFP No. 18, 29-31, 60, and 61), granted in part (RFP Nos. 6 and 9), held in abeyance (RFP Nos. 7, 8, 10, 20, 62, and 75), and denied as moot (RFP Nos. 14, 17, 63-66, 68, 71, and 79-81); Plaintiff's Fourth Motion to Compel Defendants' Answers to Plaintiff's Requests for Production, ECF No. 352, is granted in part (RFP Nos. 129, 130, 143, 160, and 178), denied (RFP Nos. 131 and 132), and denied as moot (RFP Nos. 83-87, 93, 95-110, 137, 158, 161, 162, and 179).

**B.  The City's Motion for Protective Order**

Consistent with the above rulings on Plaintiff's motions to compel, the City's motion for protective order is 1) denied as moot in part because Defendants agree to limit their after-acquired-evidence affirmative defense (RFP Nos. 83-86 and 96-110), 2) denied as moot in part because Plaintiff withdrew RFP Nos. 95, 161, and 162, 3) denied as moot in part because Defendants produced the documents responsive to RFP No. 158 as limited by the Court, 4) denied and granted in part because Defendants must answer RFP Nos. 129, 130, and 160 as directed by the Court, and 5) granted because RFP No. 130 seeks sensitive information and RFP No. 132 is duplicative.

**C.  Defendants' Motion to Compel Responses to Its Second Requests for Production**

Defendants asks the Court to require Plaintiff to respond to RFP Nos. 1-10. Plaintiff opposes the motion because it is untimely and the RFPs seek irrelevant information and/or are overbroad.

ORDER ~ 7

1    The Court finds Defendants' motion is timely: it was filed on the
2 last day. *See* Fed. R. Civ. P. 6(a)(1)(c) (specifying that time period
3 includes "the last day of the period, but if the last day is a Saturday,
4 Sunday, or legal holiday, the period continues to run until the end of
5 the next day that is not a Saturday, Sunday, or legal holiday").

6    Finding that the record reflects that Plaintiff began and kept his
7 diary at the request of counsel, the Court denies RFP No. 1.  Because of
8 similar attorney-client privilege and work-product concerns, the Court
9 denies RFP No. 8, however, Plaintiff must ensure an appropriate privilege
10 log is disclosed.  The Court also denies RFP Nos. 2 and 3, which seek a
11 copy of Plaintiff's college transcripts, determining that they are not
12 likely to result in the discovery of admissible evidence.  The Court
13 grants RFP Nos. 4-6 in part, requiring Plaintiff to disclose any QPD
14 document that is on his computer or email, regardless of its source,
15 unless it is protected by a privilege as indicated on a privilege log.
16 Likewise, Plaintiff must answer RFP No. 9, however, any documents that
17 are sealed by Sierra County need not be produced but must be listed on
18 the privilege log.  Anticipating that Plaintiff will sign a discovery
19 answer under oath that RFP No. 7 has been satisfied, the Court denies it
20 as moot.  Finally, RFP No. 10 is overbroad and therefore it is denied.

21    In summary, the Court grants in part, denies, and denies as moot
22 Defendants' motion to compel.

23 **D.  Scheduling**

24    Both parties agree that continuing the August 8, 2011 discovery
25 deadline, and August 22, 2011 dispositive-motion-filing deadline is
26 appropriate.  Initially, Defendants disputed Plaintiff's motion because

they wanted to limit a discovery-deadline extension to depositions and responding to already-served written discovery, but on July 18, 2011, the parties agreed to 1) extend the discovery deadline to September 15, 2011, to take depositions and complete Court-ordered discovery and 2) extend the dispositive-motion-filing deadline to September 31, 2011.

Because the trial was reset from January 5, 2012, to February 27, 2012, the Court can accommodate the requested extensions.  Accordingly, both motions are granted.

**E.  Plaintiff's Motion for Leave to Conduct Depositions in Excess of FRCP 30(a)(2) Limitations of Ten Depositions**

Plaintiff seeks leave to depose a total of twenty-six individuals. He has deposed five individuals thus far:  1) Doug Martinson, 2) John Young, 3) Chief Ackerman, 4) Defendant Dopps, and 5) Mr. Galbraith. Defendants oppose the motion, contending there is no good cause to depose more than ten individuals, especially because this lawsuit's cost and length violates Rule 1.

Rule 30(a)(2)(A)(i) limits depositions to ten per party absent agreement by the parties or leave of Court.  To assess whether an extension is appropriate, the Court considers the factors set forth in Rule 26(b)(2), including whether the additional depositions will be cumulative, duplicative, burdensome, inconvenient, or expensive; the request's timeliness; the benefit as compared to its expense and the amount in controversy; the parties' resources; and the importance of the issues.  Finally, Rule 1 advises that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

ORDER ~ 9

Here, Rule 1's goal of justice is at odds with its goals of speed and reducing costs. The goals of speed and cost reduction favor restricting Plaintiff's depositions to ten. However, in light of Defendants' recently added after-acquired-evidence affirmative defense, Plaintiff must present evidence showing that 1) Defendants violated 42 U.S.C. § 1983 by retaliating against him for exercising his First Amendment rights, and 2) his damages should not be reduced by any after-acquired evidence. Accordingly, Defendants' election to pursue this after-acquired-evidence affirmative defense necessitates allowing Plaintiff to depose more than ten individuals, especially because many of the individuals with relevant information will not communicate with Plaintiff or his counsel absent Court order.

For these reasons, the Court grants Plaintiff's motion in part and allows him to depose the following individuals: 1) Defendant Gonzales, 2) Defendant Jones, 3) Paul Snyder, 4) Sam Granato, 5) Shane Nelson, 6) Sal Mancini, 7) Cindy Bepple, 8) Dave Leonardo or Dan Parrott (Plaintiff must choose), 9) Jerry Moberg (limited to his interaction with Lisa Rowland and other deposees during that time period), 10) Tim Snead, 11) Jim Hemberry, 12) Ms. Rowland, and 13) Frank Mora.

**F.   Conclusion**

In addition to the above rulings, the Court cautioned the parties that 1) future motions to expedite will likely not be granted given the parties' practice of requesting Court action on an expedited basis, and 2) neither party may serve additional RFPs without filing a motion to do so, showing good cause, because the RFPs have been excessive.

ORDER ~ 10

During at least two prior hearings, the Court has cautioned counsel that the Court would award attorneys fees and costs to the party prevailing in the discovery dispute. And in fact the Court previously ordered Plaintiff's counsel to pay defense counsel $2,000.00. ECF No. 344. After considering the instant discovery dispute and the Court's rulings on it, the Court considers Plaintiffs to have prevailed and finds $3,000.00 to be a reasonable sum under the circumstances.

Accordingly, for the reasons given above and at the hearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's renewed Third Motion to Compel Discovery, **ECF No. 166**, is **GRANTED** (RFP No. 18, 29-31, 60, and 61), **GRANTED IN PART** (RFP Nos. 6 and 9), **HELD IN ABEYANCE** (RFP Nos. 7, 8, 10, 20, 62, and 75), and **DENIED AS MOOT** (RFP Nos. 14, 17, 63-66, 68, 71, and 79-81).

2. Plaintiff's Motion to Compel Defendant Dopps, Gonzalez, and City's Answers to Plaintiff's First Set of Interrogatories, **ECF No. 58**, is **DENIED AS MOOT** given the Court's rulings on the renewed Third Motion to Compel Discovery, **ECF No. 166**.

3. Defendant City's Motion for Entry of Protective Order in Response to Plaintiff's Second Amended Requests for Production, **ECF No. 337**, is **GRANTED** (RFP Nos. 130 and 132), **GRANTED AND DENIED** (RFP Nos. 129, 130, and 160), and **DENIED AS MOOT** (RFP Nos. 83-86, 95-110, 158, 161, and 162).

4. Plaintiff's Motion to Continue Scheduling Order, **ECF No. 346**, and Stipulated Motion to Continue Discovery Cutoff Date and Dispositive Motion Deadline, **ECF No. 382**, are **GRANTED**. The deadline to conduct depositions and engage in Court-ordered discovery is extended to

Case 2:10-cv-00030-EFS    Document 395    Filed 08/02/11

**September 15, 2011**; the dispositive-motion-filing deadline is extended to **September 30, 2011**.

5. Plaintiff's Motion for Leave to Conduct Depositions in Excess of FRCP 30(a)(2) Limitation of Ten Depositions, **ECF No. 349**, is **GRANTED and DENIED IN PART**.

6. Plaintiff's Fourth Motion to Compel Defendants' Answers to Plaintiff's Requests for Production, **ECF No. 352**, is **GRANTED IN PART** (RFP Nos. 129, 130, 143, 160, and 178), **DENIED** (RFP Nos. 131 and 132), **and DENIED AS MOOT** (RFP Nos. 83-87, 93, 95, 96-110, 137, 158, 161, 162, and 179).

7. Defendants' Motion to Compel Responses to Its Second Requests for Production, **ECF No. 360**, is **GRANTED IN PART** (RFP Nos. 4-6 and 9)**, DENIED** (RFP Nos. 1-3, 8, and 10)**, and DENIED AS MOOT** (RFP No. 7)**.**

8. No later than August 14, 2011, defense counsel shall pay Plaintiff's counsel **$3,000.00**. Upon receipt, Plaintiff's counsel shall file a notice of receipt.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this   2nd   day of August 2011.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                         United States District Judge


Q:\Civil\2010\0030.july2011.hrg.wpd

ORDER ~ 12