UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON DOYLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM GONZALES; DAN W.<br>DOPPS; SCOTT D. JONES; and<br>the CITY OF QUINCY,<br>WASHINGTON,<br><br>　　　　　Defendants. | NO. CV-10-0030-EFS<br><br>**ORDER GRANTING AND DENYING IN PART DEFENDANTS' MOTION TO REMOVE PROTECTIVE ORDER ON SIERRA COUNTY DOCUMENTS** |

A telephonic hearing occurred in the above-captioned matter on October 4, 2011. Plaintiff Aaron Doyle was represented by Garth Dano. Defendants William Gonzales, Dan Dopps, Scott Jones, and the City of Quincy ("City") (collectively referred to as "Defendants") were represented by Robert Christie. Before the Court was Defendants' Motion to Remove Protective Order on Sierra County Documents, ECF No. 447.[1]

---

[1] Plaintiff's counsel suggests that Local Rule 37.1(b)'s meet-and-confer requirement was not satisfied. Because an expedited hearing on this motion is needed in light of the upcoming discovery and dispositive-motion-filing deadlines, the Court heard the motion. However, counsel are encouraged to take all steps necessary to resolve a dispute, if

ORDER ~ 1

After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. This Order memorializes and supplements the Court's oral ruling granting and denying in part Defendants' motion: the Sierra County records may be utilized as discussed below.

The documents at issue are Mr. Doyle's records from when he was employed as a Sierra County, California deputy sheriff from 2000 to 2006, including termination and administrative-appeal records. Mr. Doyle contended that these documents should not be produced in this lawsuit; Defendants disagreed. The parties filed motions supporting their respective positions before the U.S. District Court in the Eastern District of California—the court having jurisdiction over the subpoena duces tecum that Defendants issued to Sierra County. U.S. Magistrate Judge Gregory Hollow ruled that these records' confidentiality protection is lifted for purposes of the lawsuit before this Court because the records appear relevant to Defendants' after-acquired-evidence affirmative defense. ECF No. 449 Ex. B. Judge Hollow ordered Sierra County to produce Mr. Doyle's employment records to defense counsel for "attorney's eyes only" and deferred to this Court for the determination of their public disclosure. *Id.* Ex. A. Pursuant to the parties' agreement, defense counsel scanned the disclosed records onto a disk.

---

possible, before seeking Court intervention. And even after a motion's filing, counsel are encouraged to discuss an amicable resolution if possible.

ORDER ~ 2

Defendants now ask the Court to allow disclosure of these records to the parties, their attorneys and legal staff, and any retained experts for whom it is necessary to review the records to form an expert opinion. In regards to the future filing or court use of any of these records, Defendants propose that the party seeking to file or use the record be required to file a motion establishing the need for sealing the record.

Mr. Doyle does not oppose disclosing the records to the limited group of individuals that Defendants propose. Rather, Mr. Doyle recommends that the records be presumed confidential and therefore they are to be filed under seal, alleviating the need to file a motion to seal.

Rule 26(c) allows the Court, upon motion, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). Personnel and employment files, especially those of law-enforcement officers, are generally considered confidential material whose disclosure is limited. *See Hunt v. FBI*, 972 F.2d 286, 288 (9th Cir. 1992); *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988).

Here, however, a federal magistrate judge has already balanced Mr. Doyle's privacy interests and Defendants' need for disclosure of this relevant information and determined that disclosure is required. And the Court agrees with the parties that these materials may be shared with the parties, counsel and their legal staff, and experts who must rely on these documents to form an expert opinion; likewise, these materials may be utilized at the deposition of these individuals. Yet, these documents

ORDER ~ 3

are still sensitive and the Court will not permit public filing or use of any record that was disclosed by Sierra County pursuant to, and discovered only as a result of, Judge Hollow's order, without 1) the parties reaching agreement that the record may be publically filed or used or 2) the Court ruling that such a record may be publically filed or used.  Accordingly, if a party seeks to utilize such a record, either to support or respond to a motion or at trial, counsel must first provide opposing counsel with at least **seven calendar days** to reach an agreement as to whether public disclosure is appropriate.  If counsel are unable to reach agreement, that party is to file the record(s) as a proposed sealed document and then a separate motion and memorandum articulating the party's position regarding disclosure of the record(s).  This ruling does not impact a party's ability to seek a separate protective order on other grounds.

    For the reasons given above and at the hearing, **IT IS HEREBY ORDERED**:

    1.  Defendants' Motion to Remove Protective Order on Sierra County Documents, **ECF No. 447**, is **GRANTED and DENIED IN PART.**

    2.  Any record that was disclosed by Sierra County pursuant to, and discovered only as a result of, Judge Hollow's order, shall not be:

       a.  disseminated to anyone other than the parties of this litigation, their attorneys and legal staff, and any retained experts for whom it is necessary to review the record in order to form an expert opinion;

      b.   filed publically unless: i) the parties so agree or ii) the Court orders the record to filed publically after considering a motion to seal the proposed-seal record(s); or

      c.   utilized at trial unless: i) the parties so agree or ii) the Court rules on the manner of admission after considering a party's request to admit the record.

   3.   The Sierra County records may be utilized at the deposition of a party, their counsel, and any retained experts for whom it is necessary to review the record information in order to form an expert opinion.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this   4th   day of October 2011.

                                S/ Edward F. Shea
                                EDWARD F. SHEA
                          United States District Judge

Q:\Civil\2010\0030.prot.order.sierra.lc1.wpd

ORDER ~ 5