UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON DOYLE,<br><br>  Plaintiff,<br><br>  v.<br><br>WILLIAM GONZALES; DAN W. DOPPS; SCOTT D. JONES; and the CITY OF QUINCY, WASHINGTON,<br><br>  Defendants. | NO. CV-10-0030-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION ON ORDER DECLINING JURISDICTION OVER STATE LAW CLAIMS IN AMENDED COMPLAINT** |

Before the Court, without oral argument, is Plaintiff Aaron Doyle's Motion for Reconsideration on Order Declining Jurisdiction over State Law Claims in Amended Complaint, ECF No. 462. On October 5, 2011, the Court granted Plaintiff leave to amend his Complaint to add 1) factual allegations relating to his previously-asserted 42 U.S.C. § 1983 First-Amendment-based retaliation claims and 2) three new federal claims, but declined to exercise supplemental jurisdiction over the two newly-proposed state-law negligent-supervision and negligent-retention claims. ECF No. 461. Following the Order, Plaintiff filed the instant reconsideration motion, which asks the Court to reconsider its decision declining supplemental jurisdiction over the state-law claims. Defendants oppose Plaintiff's motion because 1) the state-law claims are unrelated to the federal claims, 2) amendment is untimely, and 3)

ORDER * 1

amendment will require a continuance of the current trial schedule. ECF No. 493.

As the Court set forth in its October 5, 2011 Order, a party may amend his complaint after a responsive pleading has been served "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Defendants oppose amendment, Court leave is required. The Court should freely allow amendment if justice requires such after considering the *Foman* factors, including undue delay, bad faith, dilatory motive, undue prejudice, repeated failure to cure deficiencies, and futility, under the totality of the circumstances. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) (emphasis in original)).

Because many of the same underlying events and players are involved in both Plaintiff's federal and state claims and given the concern that Plaintiff's state claims may be time barred in state court, the Court finds justice requires granting leave to amend to add the state-law claims. The Court recognizes that this may prejudice Defendants by requiring a delay of the trial date. However, discovery has been extensive in this lawsuit and it is likely that much of the discovery needed in relation to the state claims has already occurred. Defendants, of course, may seek relief from the current trial schedule upon a showing of good cause. Accordingly, the Court grants Plaintiff's reconsideration

ORDER * 2

motion and accepts supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(2).

For the above-given reasons, **IT IS HEREBY ORDERED:**

1. Plaintiff Aaron Doyle's Motion for Reconsideration on Order Declining Jurisdiction over State Law Claims in Amended Complaint, **ECF No. 462**, is **GRANTED.**

2. Plaintiff shall promptly file his proposed amended complaint.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to furnish copies to counsel.

**DATED** this __8th__ day of November 2011.

>                    s/Edward F. Shea
>                    EDWARD F. SHEA
>              United States District Judge

Q:\Civil\2010\0030.reconsid.amend.lc1.wpd

ORDER * 3