UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON DOYLE, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM GONZALES; DAN W. DOPPS; SCOTT D. JONES; and the CITY OF QUINCY, WASHINGTON, <br><br> Defendants. | NO. CV-10-30-EFS <br><br> **ORDER RULING ON PENDING MOTIONS** |

**A.   Mora Report**

The Court has been asked to determine the discoverability of the Mora Report on a number of occasions. Most recently, on December 22, 2011, the Court ruled that Defendant City of Quincy ("City") waived the attorney-client privilege attached to the Mora Report by showing it to the subject of the investigation, Chief William Gonzales. ECF No. 554. Accordingly, the Court ordered the City to disclose the report to Plaintiff Aaron Doyle by January 5, 2012. In lieu of disclosing the report, the City and other Defendants (collectively, "Defendants") ask the Court to either reconsider its ruling or to stay this lawsuit to allow Defendants to seek an interlocutory appeal on the issue of whether the Mora Report must be disclosed to Mr. Doyle. ECF Nos. 556 & 561. Mr. Doyle asks the Court to strike Defendants' reconsideration motion because

ORDER ~ 1

it was filed one day late and exceeds the ten-page limit by one page. ECF No. 559. After reviewing the submitted material and relevant authority, the Court is fully informed and denies the pending motions.

First, under the circumstances, the Court denies Mr. Doyle's request to strike the reconsideration motion; the Court will consider Defendants' reconsideration motion.

Second, after considering Defendants' arguments in support of reconsideration, the Court denies reconsideration of its Order requiring Defendants to produce the Mora Report. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). When reviewing a motion for reconsideration of an interlocutory order, the Court considers the following factors:

> 1) There are material differences in fact or law from those initially presented to the Court, which could not have been previously discovered through reasonable diligence;
>
> 2) There are new material facts that happened *after* the Court's decision;
>
> 3) There has been a change in the law *after* the Court's decision; or
>
> 4) The movant makes a convincing showing that the Court failed to consider previously-presented material facts.

*See Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (surveying relevant local rules for districts throughout the Ninth Circuit). None of these conditions are satisfied here. The legal arguments presented by Defendants were previously fully considered by the Court; the Court abides by its decision. Defendants' reconsideration motion is denied.

ORDER ~ 2

Third, interlocutory orders may be appealed if the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The questions of whether the Mora Report is protected by the attorney-client privilege and, if so, whether that privilege was waived, are questions of law. The Court concludes there are not substantial grounds for difference of opinion on these questions of law. Therefore, there is no basis for an interlocutory appeal, and the Court will not stay production of the Mora Report. Accordingly, Defendants' interlocutory-appeal request and related stay request are denied.

For the above given reasons, the Court denies Defendants' Motion for Reconsideration of Order, or Alternatively to Authorize Appeal and Stay Enforcement of Order, ECF No. 556, and Motion to Authorize Appeal and Stay Enforcement [of] Order, ECF No. 561.

**B.   Documents Currently Filed Under Seal**

On December 21, 2011, the Court ordered Defendants to file a motion to seal certain previously-filed-under seal documents so that the Court could determine whether sealing of such documents is necessary. ECF No. 21. Rather than file a motion, Defendants filed a response to the Court's Order, explaining that they did not believe the documents need to be sealed but rather filed them under seal as a matter of caution given the concern previously articulated by Mr. Doyle, and as recognized by the Court, that Mr. Doyle's Sierra County personnel records are

protected documents. ECF No. 565. Mr. Doyle asks the Court to strike Defendants' response as not being compliant with the Court's Order.

Given Defendants' position relating to these documents, the Court construes Defendants' Response, ECF No. 565, as a Motion to Unseal ECF Nos. 507, 508, 509, 510, and 511. Mr. Doyle's response to this construed motion must be filed in accordance with Local Rule 7.1, based on the date of this Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Reconsideration of Order, or Alternatively to Authorize Appeal and Stay Enforcement of Order, **ECF No. 556**, is **DENIED**.

2. Mr. Doyle's Motion to Strike, **ECF No. 559**, is **DENIED**.

3. Defendants' Motion to Authorize Appeal and Stay Enforcement [of] Order, **ECF No. 561**, is **DENIED**.

4. Mr. Doyle's Motion to Strike Defendants' Memorandum in Response to Order Requiring Defendants to File Motion to Seal, **ECF No. 566**, is **DENIED**.

5. Defendants' Memorandum in Response to Order Requiring Defendants to File a Motion to Seal, **ECF No. 565**, is **CONSTRUED** as a Motion to Unseal ECF Nos. 507, 508, 509, 510, and 511.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this ___5th___ day of March 2012.

                         S/ Edward F. Shea
                          EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2010\0030.march.2012.lc1.wpd

ORDER ~ 4